Ruffin, Chief Justice.
 

 The point raised in this case, is one of
 
 those raised and
 
 decided in
 
 McKinder
 
 v.
 
 Littlejohn
 
 at the last term. Our opinion then agrees with that of his Honor, now under revision. It is founded on the natural inference that a man has not done that, which, it appears, he was not able to do. The inference from insolvency will, indeed, be more or less forcible, according to its notoriety and duration, and the degree or hopelessness of it, if the expression may be allowed. Suppose it to be proved that the debt- or was discharged on his oath of insolvency before the debt fell due, and that ever since he had been a beggar in the street, or a pauper on the parish; the conclusion would'be so morally and obviously certain, that there could be no danger in telling the jury that there could not be a presumption of payment in such a case. No one ought tobe required to commit the folly of suing a beggar. The facts here are indeed not so strong. But they partake of the same nature, and are therefore fit for the consideration of the jury, as tending to satisfy them that, in fact and truth, the debt was never paid. In that way only was the evidence left to the jury in this case. They may have erred in the conclusion of fact drawn by them. But that is not for our consid
 
 *232
 
 eration. The fact, that the debt was or was not paid, was the material enquiry, and to that enquiry this evidence was in reason; and we think in law, relevant.
 

 Per. Curiam. Judgment of the Superior Court affirmed.